COX *et al. v.* LAMB, commissioner, *et al.*

No. 7339. SEPTEMBER 15, 1930.

*Miles W. Lewis,* for plaintiffs.

*J. S. Callaway* and *J. G. Faust,* for defendants.

ATKINSON, J. J. M. Cox, H. M. Self, T. L. Wright, and others filed their petition for mandamus against H. Lamb, H. D. Goodwin, and C. C. King, who constitute the board of commissioners of roads and revenues of Greene County, and prayed that a mandamus absolute be granted, compelling the named commissioners to restore a certain ferry on a designated public road within the county named, where the road crosses the Oconee River, which road has been in existence as a public highway for many years; alleging that the ferry referred to was a part of the highway and was maintained as such until July 15, 1927, and that on that date the ferry-boat sank in the waters of the river, on account of the lack of necessary repairs; that the defendants have since refused to raise said ferry-boat, to repair the same, or to construct a new one, and have announced that they "do not intend ever to put the ferry into use;" that this conduct on the part of the defendants amounts to an abandonment and discontinuance of this highway, as the ferry is an essential part thereof and the highway can not be traveled without the ferry. Evidence was introduced to support the allegations of the petition. There is no controversy of the allegation that the road referred to was a public road and had been such for a long period of time. The judge upon hearing the case refused a mandamus absolute, and the petitioners excepted.

While the refusal to replace the ferry-boat, so as to connect the two parts of the public road at the ferry, amounts practically to an abandonment or discontinuance of that part of the public road, and while it is also true that "an existing public road can not be discontinued without the order of the ordinary, or county commissioners where there are such commissioners, passed upon application and notice and duly registered in the proper office," under the Civil Code, §§ 644 et seq., nevertheless where a ferry-boat is destroyed or sunk, which is essential as a connecting link between

the approaching parts of a public road, the restoration of such a ferry-boat is a matter within the discretion of the commissioners of roads and revenues in counties where there are such; and unless this discretion is abused, they will not be compelled by a mandamus to restore the ferry-boat which has been sunk or destroyed. The relation of a ferry, in a case like the one under consideration, is analogous to a bridge constituting a part of a public highway; and decisions in cases holding that the restoration of a bridge destroyed, which is a part of the public highway, is a matter within the discretion of the commissioners, are applicable to a case like that presented in this record. Under the facts and under the ruling in *Dale* v. *Barnett,* 105 *Ga.* 259 (31 S. E. 167), the court in the present case did not err in refusing to grant a mandamus absolute. While in the case just cited there were special facts on which the bridges in question became a part of a system of public roads, nevertheless it was broadly held in that case that "the rebuilding of a bridge which was a part of a system of public roads in a county is a matter that is left to the discretion of the county authorities, and this discretion will not be controlled unless it is abused." And the same principle has been stated in other cases decided by this court.          *Judgment affirmed.   All the Justices concur.*